## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **PARSONS & WHITTEMORE** | ) | |
| **ENTERPRISES CORPORATION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO. 07-0743-CG-B** |
| **v.** | ) | |
| | ) | |
| **CELLO ENERGY, LLC, <u>et</u> <u>al.</u>,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### <u>ORDER</u>

This matter comes before the court on the Parsons & Whittemore Enterprises
Corporation's ("P&W") Motion for Restitution of Payment Made by P&W Pursuant to Option
Agreement. (Doc. 380). P&W's motion asserts that P&W paid $2.5 million to purchase an
Option Agreement that this court subsequently found void under the rule against perpetuities.
P&W argues that it is entitled to restitution in the amount of the $2.5 million it paid plus 6%
interest, to be paid within 10 days of this court's order.

Although the motion does not seek any relief from BioFuels Operating Company, LLC,
Khosla Ventures, LLC, Red Sky, LP, and Khosla Ventured II, LP, they filed a response in which
they "take no position" on the motion, but "do note" certain points. (Doc. 383, p. 2). Cello
Energy, LLC and the Boykin Trust (collectively, "Cello"), which are parties to the Option
Agreement (Doc. 26-4, p. 5), also filed a response. Their response advances several arguments
in opposition to the motion (Doc. 385) to which P&W replies (Doc. 393). The court will address
the arguments in turn.

I.      **PROCEDURAL ARGUMENTS**

    A.      **The Pleading Argument**

Cello argues that the motion for restitution should be presented in a pleading, as opposed

to a motion, because it asserts a claim for relief.  It relies on Rules 7 and 8 of the Federal Rules

of Civil Procedure.  Rules 7, entitled "Pleadings Allowed; Form of Motions and Other Papers,"

provides as follows:

> **(a) Pleadings.**  Only these pleadings are allowed:
>     **(1)** a complaint;
>     **(2)** an answer to a complaint;
>     **(3)** an answer to a counterclaim designated as a counterclaim;
>     **(4)** an answer to a crossclaim;
>     **(5)** a third-party complaint;
>     **(6)** an answer to a third-party complaint; and
>     **(7)** if the court orders one, a reply to an answer.
> **(b) Motions and Other Papers.**
>     **(1) <u>In General</u>.**  A request for a court order must be made by
>     motion.  The motion must:
>         **(A)** be in writing unless made during a hearing or
>         trial;
>         **(B)** state with particularity the grounds for seeking
>         the order; and
>         **(C)** state the relief sought.
>     **(2) <u>Form</u>.**  The rules governing captions and other matters of form
>     in pleadings apply to motions and other papers.

FED. R. CIV. P. 7.

Rule 8, entitled "General Rules of Pleading," sets requirements for "[a] pleading that

states a claim for relief."  FED R. CIV. P. 8(a).  Such a pleading must contain, among other things,

"a demand for the relief sought, which may include relief in the alternative or different types of

relief."  FED. R. CIV. P. 8(a)(3).

Restitution can be sought as a remedy rather than pleaded as an independent cause of

action.  <u>See</u> <u>Hensley v. Poole</u>, 910 So. 2d 96, 100 (Ala. 2005) (counterclaim "alleging breach of

contract, unjust enrichment, breach of good faith and fair dealing, tortious interference with a

business relationship, various forms of fraud, and the tort of outrage," requested "restitution, a

constructive trust, and an equitable lien" as forms of relief); Avis Rent A Car Sys. v. Heilman,

876 So. 2d 1111, 1116, 1122-23 (Ala. 2003) (explaining that plaintiffs sought restitution under a

theory of unjust enrichment and then discussing restitution in terms of a remedy available in a

claim, or cause of action, for unjust-enrichment).  But see Cheminova Am. Corp. v. Corker, 779

So. 2d 1175, 1178 (Ala. 2000) ("Count Four stated a claim for restitution").

In a declaratory judgment action, the Supreme Court of Alabama found that two options

to purchase stock that were granted in a will violated the rule against perpetuities and

consequently voided the options.  Shaffer v. Reed, 437 So. 2d 98 (Ala. 1983) (Shaffer I).  The

court reached this conclusion even though one of the option-holders had already exercised his

option and purchased the stock.  The case returned to the Supreme Court of Alabama in the form

of Shaffer v. Reed, 456 So. 2d 1082 (Ala. 1984) (Shaffer II).  This time, the court was tasked

with determining whether the trial court properly ordered restitution on remand in favor of the

option-holder who exercised his option before the option was voided under the rule against

perpetuities.  There were causes of action pending against that option-holder in a separate case

based on his alleged mismanagement of the estate at issue.  Id. at 1084.  The Supreme Court of

Alabama affirmed the order of restitution for the money the option-holder paid for the stock that

he was later compelled to return to the estate.  Id. at 1086.  There is nothing in the opinion

tending to show that the option-holder asserted a separate cause of action for restitution.  Rather,

the declaration that the option to purchase stock was void appears to have had two direct

consequences: the option-holder who already exercised his option had to return the stock he

purchased to the estate, id. at 1083 ("The legal effect of Shaffer I was that the bank stock became

a part of the residuary estate."), and the estate had to make restitution to the option-holder for the

price he paid when he exercised his option, id. at 1084 (the restitution order was not the product

of a cause of action for restitution).

In short, the option-holder in the Shaffer cases was granted restitution because he had to

return the stock he purchased pursuant to an option agreement that was later voided.  The option-

holder did not have to file a separate cause of action or bring a new lawsuit to get his money

back; the restitution simply flowed from the fact that the option-holder lost the stock he

purchased as a legal consequence of the court's decision to void the option agreement.

Similarly, P&W paid $ 2.5 million, at least in part, to purchase an option agreement that

this court decided is void under the rule against perpetuities.  Alabama substantive law does not

support the conclusion that P&W has to assert an independent cause of action to recover any

restitution to which P&W is entitled.  Neither does federal procedural law.  Count Six of P&W's

Amended Complaint alleges that Cello and the Boykin Trust breached, among other agreements,

the Option Agreement.  (Doc. 158, pp. 37-38).  Consistent with its pleading obligations under

Rule 8(a)(3), P&W seeks "compensatory damages . . . and such other, further, and different relief

to which P&W may be entitled."  (Doc. 158, p. 38).  Because P&W's breach of the Option

Agreement failed because the option agreement is void, Alabama law provides that it is entitled

to "different relief" of any restitution it may be owed.  It is procedurally permissible to seek that

relief in a motion, see FED. R. CIV. P. 7(b)(1)(C), especially since "once a claim has been stated

adequately, it may be supported by showing any set of facts consistent with the allegations in the

complaint."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 (2007).  The court rejects the

4

argument that P&W has to assert a new cause of action in an amended pleading to pursue restitution.

### B.     The Timing Argument

P&W's motion seeks payment of any restitution owed within 10 days of a court order granting restitution.  (Doc. 380, p. 4).  Cello argues that Alabama authority does not support immediate restitution payments.  Cello also argues that ordering immediate payment of any restitution would be the equivalent of issuing a $2.5 million judgment to P&W, which is not appropriate because this court's order invalidating the Option Agreement and any order for restitution would be non-final under FED. R. CIV. P. 54(b).  In actions that present "more than one claim for relief" or that involve "multiple parties," "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."  FED. R. CIV. P. 54(b).

P&W makes four basic arguments in reply, none of which directly addresses Cello's argument under Rule 54(b).

First, P&W argues that the maxim status quo ante militates against allowing Cello to keep the $2.5 million because the option is not valid.  P&W's unsupported appeal to returning the parties to the status quo that existed before they signed the void option agreement begs the question.  Whether or not it is true that the parties should be returned to the status quo has nothing to do with whether any restitution should be due immediately, as opposed to when the case is finally resolved in its totality.

Second, P&W raises a concern about collecting on a judgment.  It says that if Cello is ordered to pay restitution immediately and the order is later reversed, P&W is sufficiently

capitalized that it will be able to pay the restitution back to Cello.  On the other hand, P&W is concerned that Cello may not be collectible at the end of the case, when the judgment for restitution would become final.  P&W does not direct the court to any authority to support the legal predicate for this argument.

Third, P&W suggests that "this court could issue a <u>conditional</u> order, dismissing claims predicated on the validity of the option on condition that Cello return the $2.5 million that P&W paid for the option Cello does not wish to honor."  (Doc. 393-2, p. 5 n.3, emphasis in original).  This order, P&W imagines, would give Cello the option to "return the money or waive its rights to dismissal of P&W's claims, voiding of the option, and related relief based upon its contention that the option is void."  (Doc. 393-2, p. 5 n.3).  P&W does not support this novel argument with any authority, likely because no such authority exists.

Fourth, P&W argues that <u>Shaffer II</u> supports a request for immediate payment of any restitution because the court in <u>Shaffer II</u> ordered immediate restitution even though there were other unresolved claims between the parties to that case.  <u>Shaffer II</u> is not on point.  The only issue in <u>Shaffer I</u> was whether the court should declare that an option to purchase stock contained in a will violated the rule against perpetuities.  <u>Shaffer I</u>, 437 So. 2d 98 (plaintiffs "filed a complaint for declaratory relief").  On appeal, the Supreme Court of Alabama decided that the option did violate the rule against perpetuities.  <u>Id</u>. at 99.  <u>Shaffer II</u> explains that, on remand, the trial court ordered restitution even though there were ongoing disputes between the parties regarding the estate at issue, which disputes were pending in a related, but separate, case.  <u>Shaffer II</u>, 456 So. 2d at 1083 ("The issue on this second appeal . . . is whether the trial court erred in allowing restitution . . . without first reviewing allegations of mismanagement,

maladministration, and breach of fiduciary duties on the part of [the party who would receive the payment of restitution], in his capacity as co-executor of the estate, when these allegations were pending in a separate proceeding before the same trial judge.").  In this case, the remaining allegations between the parties are not pending in a separate proceeding, they are pending in this proceeding.

The court will not order any special time frame for any restitution payments.

## II.    THE ARGUMENTS ON THE MERITS

P&W is seeking a judgment for $2.5 million plus interest in restitution based on the argument that the option it says it paid the $2.5 million to acquire is void.  P&W argues that it should get its money back pursuant to the holding in Shaffer II.  Cello argues that it does not owe restitution because Cello provided P&W with access to the technology that is at issue in this case pursuant to the Option Agreement and that P&W should not receive the equitable remedy because of its own unclean hands.  (Doc. 385, pp. 5-6).  P&W disputes Cello's arguments and argues that Cello would be unjustly enriched if it did not have to make restitution.

The crux of this dispute is whether this court should enter a judgment of restitution.  Other than Cello's argument that this motion should come in the form of a pleading, no party directs the court to the procedural rule that applies to the motion.  Federal courts generally enter judgments afer trials, when a party defaults, or in response to a motion for summary judgment.  The motion at bar most closely resembles a motion for summary judgment, which is governed by Rule 56 of the Federal Rules of Civil Procedure, and the court will treat it as such.  See Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 983 (11th Cir. 2008) (Unnecessary obscuration of the relevant issues is often "easily avoidable - by a straightforward application of the Rules of

Civil Procedure.").

Unlike in <u>Shaffer II</u>, in which the only issue in the specific case before the court was whether the option-holder was due restitution for the purchase price he paid for stock he later had to return, there are several cross issues bearing on the merits of the motion for restitution at issue in this specific lawsuit.  As the moving party, P&W has the burden of establishing the absence of a genuine issue of disputed fact in order to prevail.  <u>Info. Sys. and Networks Corp. v. City of Atlanta</u>, 281 F.3d 1220, 1224 (11th Cir. 2002).  At least in part due to the way the parties approached this motion, P&W has not done so.  The court therefore **DENIES** the motion for restitution at this time.

P&W is free to raise the issue of restitution again, in a properly-supported motion for summary judgment or through another proper procedural device that the Federal Rules of Civil Procedure envision.  Although dispositive motions were due by November 10, 2008 (Doc. 266), this issue did not become apparent until after the court's ruling on the validity of the option agreement, which was after the cutoff date for dispositive motions.   P&W may file a motion for summary judgment pursuant to Rule 56, addressing only its request for restitution.  A schedule for the proposed motion and briefing will be determined at tomorrow's pretrial conference.

**DONE and ORDERED** this 7th day of May, 2009.


/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE