UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PARSONS & WHITTEMORE ENTERPRISES CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> CELLO ENERGY, LLC, *et al.*, <br><br> Defendants. | No. CV-07-0743-CG-B |

**REPLY BRIEF IN SUPPORT OF KHOSLA VENTURES DEFENDANTS'
MOTION *IN LIMINE* TO EXCLUDE EVIDENCE REGARDING THE
OPTION AGREEMENT AND LETTER AGREEMENT**

## INTRODUCTION

The Khosla Ventures defendants submit this reply brief because P&W, in its response to their motion to exclude evidence regarding the Option and Letter Agreements, grossly distorts the Alabama Supreme Court's recent holding in the *White Sands* case.[1] The *White Sands* decision does not, as P&W suggests, abrogate

---

[1] Each of P&W's responses includes misstatements of the law and/or the facts. The Khosla Ventures defendants will not file a separate reply in response to each of them, but submit this brief because the Court's ruling as to P&W's ability to use evidence of the two void agreements will have the greatest effect on the scope of the upcoming trial. This reply also directly impacts several of P&W's other responses – to the motions to exclude evidence of interference with "business relations," interference with the Nondisclosure Agreement, and the New York lawsuit – which all depend on the same flawed interpretation of the *White Sands*

the settled rule of Alabama law discussed in the Khosla Ventures defendants' motion – which holds that an invalid contract cannot serve as evidence of a "business relationship" for purposes of proving tortious interference. To the contrary, as discussed below, the *White Sands* case actually reinforces that rule -- both in the Alabama Supreme Court's decision and the outcome on remand.

P&W's mischaracterization of *White Sands* is part of its larger effort to litigate this case as if this Court had never ruled the Option and Letter Agreements to be invalid. As a result of this approach, the Khosla Ventures defendants have filed motions *in limine* in an effort to bring the case back to its proper size. P&W's claim that the Khosla Ventures defendants are too late and should have raised various issues at the summary judgment stage rings hollow. The Khosla Ventures defendants' motions are a direct response to P&W's new and evolving theories of liability -- evidenced most recently in the Parties' Joint Pretrial Document where, among other things, P&W suggests for the first time (notwithstanding the absence of any Count for Suppression in the Amended Complaint) that the Khosla Ventures defendants owed a duty of disclosure to P&W and somehow "suppressed" certain

---

decision. Indeed, all of P&W's responses are implicated by the emphasis herein on P&W's obvious intention to inject into the trial as many new allegations and theories as possible, without consideration of the impact of the Court's rulings on the motion for judgment on the pleadings and motions for summary judgment. If P&W has its way, the trial will be broader in scope than the seven-day preliminary injunction hearing, and will be bogged down with objections as the parties and the Court try to resolve, on a case by case basis, evidentiary issues that are ripe for resolution now.

information from P&W in violation of that duty.[2]

## ARGUMENT

### I. P&W Is Wrong That An Unenforceable Contract Can Serve As Evidence of A "Business Relationship"

#### A. P&W Misrepresents *White Sands*

P&W relies on *White Sands* for the proposition that "the terms of [an] invalid contract can be probative of the nature and extent of a business relationship that can be interfered with irrespective of the unenforceability of the contract." Doc. 461 ("P&W Response") at 4. Thus, P&W argues, "although the Option Agreement and Letter Agreement are unenforceable, they are evidence of the P&W/Boykin defendants business relationship." *Id.* at 10 (citing *White Sands*).

P&W misreads *White Sands*, however, and its reliance on that case is therefore misplaced. The Alabama Supreme Court in *White Sands* actually reiterated and applied the well-settled rule that a third party *cannot* be held liable for interfering with a contract's terms if that contract is for any reason unenforceable. 998 So. 2d at 1053-54, 1058 (affirming summary judgment on interference with contractual relations claim where underlying contract too indefinite to support breach of contract claim). The Court then reversed and remanded the separate interference with business relations claim, because the third

---

[2] *See* the Khosla Ventures Defendants' Motion *In Limine* to Exclude New Allegations That They Suppressed Facts Concerning Cello.

3

parties to the unenforceable contract at issue had not, in their motions for summary judgment, even addressed it. *See id.* at 1055 ("A summary-judgment movant does not discharge his initial burden to challenge the sufficiency of the evidence of a nonmovant's claim by simply ignoring the claim.").

The Alabama Supreme Court simply did not rule, as P&W falsely asserts, that an unenforceable contract can support an interference with business relations claim.[3] The Court did not, that is, overrule the long line of Alabama cases, cited by the Khosla Ventures defendants' in their motion, holding that an unenforceable contract *cannot* support a tortious interference claim. *See* Doc. 428-2 ("Motion") at 5.[4] Instead, the Court in *White Sands* just reversed the trial court's summary judgment ruling as to a party's interference with business relations claim because

---

[3] P&W's argument focuses on a single sentence in *White Sands*: "[T]he absence of a valid contract is not fatal to [a party's] claim of tortious interference with a business relationship." 998 So. 2d at 1054; *see* P&W Response at 2, 4, 7 and 9 at n.2. P&W interprets this statement as establishing a new Alabama rule that a party can be liable for interfering with an invalid contract, when in fact it only restates the long settled rule that proof of interference with a business relationship requires a mere *expectancy* of a contract. The cases from other jurisdictions cited by P&W for the proposition that "[p]roof of a valid and enforceable contract is not required as an element of a cause of action for tortious interference with business relations" also just restate this non-controversial point. *See id.* at 8.

[4] P&W's attempt to distinguish these cases as addressing only non-competition agreements falls flat. P&W claims they are somehow distinguishable because they "do[] not evidence a business relationship between the contracting parties," *see* P&W Response at 9, n.2, but fails to explain why this is the case. None of the cases cited by the Khosla Ventures defendants limits its holding to non-competition agreements.

4

the parties to which that claim was directed did not address it in their summary judgment motions.[5] The Court did not determine one way or the other whether the parties to the unenforceable contract had a business relationship separate from that contract that might support an interference with business relations claim. Rather, the Court remanded the case so that the trial court could make that determination. On remand, the trial court agreed that there was no business relationship separate from the void contract. *See* Ex. A (renewed motion for summary judgment) and Ex. B (order granting motion) hereto. P&W fails to point this out in any of its responses.

### B.     P&W May Not Support Its Interference Claim With Evidence Regarding The Option Agreement Or The Letter Agreement

The Khosla Ventures defendants have already pointed out to the Court that the only alleged potential "business relationship" between P&W and Cello was the "relationship" described in their purported contracts. *See* Motion *In Limine* To Exclude Evidence of Alleged Interference With "Business Relations," Doc. 428-3. As discussed in that motion, P&W and its Chairman, George Landegger,

---

[5] Notably, in the two subsequent cases in which the Alabama Supreme Court has cited *White Sands*, it did so for this point -- that a party is responsible for "present[ing] relevant legal authorities that support [its] position," and that "it is not the court's responsibility to do a party's legal research or to make and address legal arguments for a party based on undelineated general propositions not supported by sufficient authority or argument." *Prattville Mem. Chapel & Memory Gardens, Inc. v. Parker*, 2008 Ala. LEXIS 256, at *50 (Ala. 2008) (citation and internal quotes omitted); *see Greene v. Jefferson County Comm'n*, 2008 Ala. LEXIS 236, at *29 (Ala. 2008) (same).

specifically acknowledged during discovery that P&W's interference claim was based on interference with the parties' three contracts. P&W does not even seem to deny this fact now; it merely argues that those contracts, now that they have been declared invalid, constitute "business relations" sufficient to support a tortious interference claim. As discussed above, this argument is not in keeping with the rule.[6] Alabama law instructs that because the Option and Letter Agreements are invalid, they may not be introduced as evidence of tortious interference – period.

## II. The Terms Of The Void Option and Letter Agreements Are Not Relevant To Any Other P&W Claims

The Khosla Ventures defendants, in their motion, ask the Court to give a jury instruction, at the start of the case, explaining that the Option and Letter Agreements exist but are invalid. *See* Doc. 428-2 at 10-11. In P&W's response, it argues that even if the void agreements do not directly support its interference claim, evidence regarding those agreements will still be necessary because one aspect of its interference claim is that the Khosla Ventures defendants interfered with the Nondisclosure Agreement by "inducing" the Boykin defendants to

---

[6] P&W argues in its response to the motion to exclude evidence of interference with "business relations" that "the Khosla defendants argue – for the first time – that there is no 'business relationship' with which to interfere." Doc. 462 at 2, n.3. That is not the case. The Khosla Ventures defendants argued in their reply brief at the summary judgment stage that the only business relationship was the relationship described in the P&W-Cello contracts. *See* Doc. 361 at 7, n.8.

disclose the Option and Letter Agreements. P&W Response at 11.

P&W does not suggest, however, that anything more than the fact of the void agreements' existence is required in connection with this claim. As stated in their motion, the Khosla Ventures defendants do not oppose the introduction of that basic fact at trial. The same holds true for P&W's argument that the Option Agreement is relevant to its claim for restitution. *See id.* The jury can be told that P&W paid $2.5 million in connection with the Option Agreement. Beyond that, P&W does not suggest that any evidence concerning the substance of that agreement is required to support its restitution claim (if it is even allowed to argue that claim to the jury). Such evidence should therefore be excluded from trial.

## CONCLUSION

For the reasons stated above, the Khosla Ventures defendants respectfully request that their Motion *In Limine* To Exclude Evidence Regarding The Option Agreement and Letter Agreement be granted.

Respectfully submitted this 2nd day of June, 2009

/s/ Russel Myles
RUSSEL MYLES (MYLEP5322)
WILLIAM C. ROEDDER, JR. (ROEDW4089)
ANNE LAURIE SMITH (SMITA2262)
Attorneys for Defendants BioFuels Operating
Company, LLC; Khosla Ventures, LLC; Red Sky,
LP; and Khosla Ventures II, LP

OF COUNSEL:

**McDOWELL KNIGHT ROEDDER & SLEDGE, LLC**
Post Office Box 350
Mobile, AL 36601
Phone: (251) 432-5300
Fax: (251) 432-5303
www.mcdowellknight.com

and

Richard A. Johnston, Esq.
**WILMER CUTLER PICKERING HALE and DORR LLP**
60 State Street
Boston, MA 02109
Phone: (617) 526-6000
Email: richard.johnston@wilmerhale.com

David William Bowker, Esq.
David Michael Burkoff, Esq.
**WILMER CUTLER PICKERING HALE and DORR LLP**
399 Park Avenue
New York, NY 10022
Phone: (212) 230-8800
Email: david.bowker@wilmerhale.com
Email: david.burkoff@wilmerhale.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of June, 2009, I caused a copy of the foregoing to be served on the following persons by use of the Court's electronic filing system and/or first class mail.

> David Boyd, Esq.
> Balch & Bingham
> P. O. Box 78
> Montgomery, AL 36101
> Phone: (205) 834-6500
> Email: dboyd@balch.com
>
> John Eric Getty, Esq.
> Balch & Bingham
> P.O. Box 306
> Birmingham, AL 35201
> Phone: (205) 226-8789
> Email: egetty@balch.com
>
> John N. Leach, Jr., Esq.
> Helmsing, Leach, Herlong, Newman & Rouse, P.C.
> P.O. Box 2767
> Mobile, AL 36652
> Phone: (251) 432-5521
> Fax: (251) 432-0633
> Email: jnl@helmsinglaw.com
>
> Joseph McCorkle, Jr., Esq.
> Balch & Bingham
> P. O. Box 78
> Montgomery, AL 36101
> Phone: (205) 834-6500
> Fax: (334) 269-3115
> Email: jmccorkl@balch.com

Forest S. Latta, Esq.
Bowron Latta & Wasden, P.C.
Post Office Box 16046
Mobile, AL 36616-6046
Phone: (251) 344-5151
Fax: (251) 344-9696
E-mail:  fsl@bowronlatta.com

Philip D. Segrest, Jr.
P.O. Box 780791
Tallassee, AL 36078
Phone: (334) 252-0036
Email: Philip.Segrest@SegrestLaw.com

/s Russel Myles