# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| PARSONS & WHITTEMORE ENTERPRISES CORPORATION, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CIVIL ACTION NO. 07-00743-CG-B ) |
| CELLO ENERGY, LLC, et al., | ) ) |
| Defendants, | ) ) ) |

## ORDER

On October 16, 2007, Parsons and Whittemore Enterprises Corporation ("P&W") brought a lawsuit, in part, against Cello Energy, LLC ("Cello"), Boykin Trust, LLC ("Boykin Trust"), Jack W. Boykin ("Jack Boykin"), and Allen W. Boykin ("Allen")(collectively the "Boykin Defendants"). (Doc. 1). This matter comes before the court on P&W's motion for entry of judgment on its claim of restitution (Doc. 561) and the Boykin Defendants' response (Doc. 575). For the reasons stated below, this court finds that P&W's motion for entry of judgment on its claim of restitution is due to be denied.

## FACTS

In early 2007, Jack and Allen Boykin, in hopes of having P&W invest in Cello, told P&W's George Landegger and other representatives that they had made commercial quantities of biofuels that met ASTM standards from cellulosic materials at their semi-works plant in Pritchard, Alabama. Shortly thereafter, Cello entered into a nondisclosure agreement with P&W ("NDA"), in which Cello agreed "not to disclose to third parties the Process Information or any

1

other [Cello] Property Information relating to the technical process for creating the Synthetic Fuels without a written modification of this Agreement signed by an authorized representative of each party hereto." (Plaintiff's Trial Exhibit 42, p. 5). On April 19, 2007, P&W entered into an option agreement ("Option Agreement") to pay $2.5 million for an option to acquire a one-third interest in Cello for an additional $10 million upon the production by Cello of commercial quantities of diesel, fuel, kerosene and gasoline that met ASTM standards. On April 26, 2007, P&W made a wire transfer of $2.5 million to Cello. After receiving the $2.5 million payment, the Boykin Defendants entered into an agreement with BioFuels Operating Company, LLC ("BioFuels"), an action which was an alleged violation of Cello's obligation in the NDA and Option Agreement. (Doc. 158, p. 1).

On July 16, 2008, the Boykin Defendants filed a motion for a judgment on the pleadings asking this court to declare the Option Agreement invalid. (Doc. 146). On February 7, 2009, this court ruled that the Option Agreement was void <u>ab initio</u> pursuant to the rule against perpetuities. (Doc. 375). On February 12, 2009, P&W filed a motion for restitution of payment made by P&W pursuant to the Option Agreement. (Doc. 380). P&W argued that it was entitled to restitution in the amount of $2.5 million plus 6% interest to be paid within 10 days of this court's order. On May 7, 2009, this court entered an order denying P&W's motion. (Doc. 417). This court noted that no party had pointed to a procedural rule that applied to this motion and that the federal courts generally enter judgments after the trial, when a party defaults, or in response to a motion for summary judgment. This court maintained that this motion most closely resembled a motion for summary judgment, thus it would treat it as such. Since, at that time, there were several cross issues bearing on the merits of the motion for restitution at issue in this lawsuit, this court found that P&W failed in its burden under Rule 56 of the Federal Rules of

Civil Procedure. However, this court stated that "P&W is free to raise the issue of restitution again, in a properly-supported motion for summary judgment or through another proper procedural device that the Federal Rules of Civil Procedure envision." (Id., p. 8).

On June 29, 2009, a jury returned a verdict in favor of P&W and against the Boykin Defendants for a total of $10.4 million. Relevant to this motion, the jury found from a preponderance of the evidence that P&W proved its breach of the NDA against Cello and Boykin Trust and awarded P&W $2,827,123.00. (Doc. 560-8, p. 1). On July 1, 2009, P&W filed a motion for entry of judgment on its claim of restitution. (Doc. 561).

## **LEGAL ANALYSIS**

P&W "moves this court to enter findings of fact, conclusions of law, and judgment in P&W's favor on P&W's claim for restitution against Cello [] and Boykin Trust [], on the grounds it asserted in P&W's motion for restitution (Doc. 380) and reply to the defendants' response. (Doc. 393), and based on the evidence presented at trial." (Id.). Cello and Boykin Trust object to this motion asserting that this court should deny the motion because it would result in a double recovery for P&W. (Doc. 575). "In Atlantic Coast Line R.R. v. Florida, 295 U.S. 301, 55 S.Ct. 713, 79 L.Ed. 1451 (1935), the Supreme Court of the United States, speaking through Mr. Justice Cardozo, stated the rule [of restitution] to be as follows:

> \*\*\*A cause of action for restitution is a type of the broader cause of action for money had and received, a remedy which is equitable in origin and function. Moses v. Macferlan, 2 Burr. 1005; Bize v. Dickason, 1 Term Rep. 285; Farmer v. Arundel, 2 Wm.Bl. 824; Kingston Bank v. Eltinge, 66 N.Y. 625. The claimant, to prevail, must show that the money was received in such circumstances that the possessor will give offense to equity and good conscience if permitted to retain it. Schank v. Schuchman, 212 N.Y. 352, 358, 359, 106 N.E. 127; Western Assurance Co. v. Towle, 65 Wis. 247, 26 N.W. 104, 108. The question no longer is whether the law would put him in possession of the money if the transaction were a new one. The question is whether the law will take it out of his possession after he has been able to collect it. Cf. Tiffany v. Boatman's Institution, 18 Wall. [85 U.S.] 375, 385, 390, 21 L.Ed. 868. \*\*\*

3

> … "Restitution is not of mere right. It is ex gratia, resting in the exercise of a sound discretion, and the court will not order it where the justice of the case does not call for it, nor where the process is set aside for a mere slip." Gould v. McFall, 118 Pa. 455, 456, 12 A. 336, citing Harger v. Washington County, 12 Pa. 251… "In such cases, the simple but comprehensive question is whether the circumstances are such that equitably the defendant should restore to the plaintiff what he has received," Johnston v. Miller, 31 Gel. & Russ. 83, 87."
>
> Shaffer v. Reed, 456 So.2d 1082, 1085 (Ala. 1984)(quoting Maslankowsi v. Carter, 291 Ala. 8, 11, 277 So.2d 91, 94 (Ala. 1973)).

"A remedy of restitution is founded upon the principle of avoiding unjust enrichment of one at the expense of another." Shaffer, 456 So.2d at 1086(citing Foshee v. General Telephone Co., 295 Ala. 70, 322 So.2d 715 (Ala. 1975); Opelika Production Credit Ass'n v. Lamb, 361 So.2d 95 (Ala. 1978); Sherrill v. Frank Morris Pontiac-Buick-GMC, Inc., 366 So.2d 251 (Ala. 1978)).

In its original motion for restitution, P&W asserts that it is "entitled to return of the $2.5 million it paid for the option that this Court has declared void, together with interest at the statutory prejudgment rate of 6% per annum from the date that the $2.5 million was paid by P&W to Cello" (Doc. 380, pp. 3-4), which currently totals $2,827,123.00. (Doc. 561-1, p. 3). As stated above, the jury found from a preponderance of the evidence that P&W proved its breach of the NDA against Cello and Boykin Trust and awarded P&W $2,827,123.00. (Doc. 560-8, p. 1). Based on the evidence and arguments at trial, it is clear to this court that the jury awarded P&W the return of its Option Agreement payment as compensatory damages for Cello and Boykin Trust's breach of the NDA. Although P&W may have been entitled to restitution had the jury not returned a verdict in favor of P&W, this court finds that P&W may not get a "double recovery" for compensatory damages. See Avery v. City of Talladega, Ala., 24 F.3d 1337, 1348 (11th Cir. 1994)("Of course, the plaintiffs may not recover twice for the same violation; the breach of contract claim survives merely as an alternative legal theory to redress any wrong that may have been done them."); Barrow v. Bristol-Myers Squibb, 1998 WL 812318,

at *46 (M.D.Fla. 1998)("Although Plaintiff has met the elements for recovery of damages under theories of strict liability, negligence, and fraud/negligent misrepresentation, no double recovery for the same injury shall be allowed."). As a result, P&W's motion for entry of judgment on its claim of restitution is due to be denied.

## CONCLUSION

After due consideration of all matters presented and for the reasons set forth herein, it is **ORDERED** that P&W's motion for entry of judgment on claim of restitution (Doc. 561) is **DENIED**.

**DONE and ORDERED** this 22nd day of September, 2010.

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE