IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **PARSONS & WHITTEMORE ENTERPRISES CORPORATION,**<br><br>Plaintiff,<br><br>v.<br><br>**CELLO ENERGY, LLC, f/k/a Forest Energy Systems, LLC; BOYKIN TRUST, LLC; JACK W. BOYKIN, an individual; ALLEN W. BOYKIN, an individual; and BIOFUELS OPERATING COMPANY, LLC; KHOSLA VENTURES, LLC, RED SKY, LP; KHOSLA VENTURES II, LP; and KHOSLA VENTURES COMPANY,**<br><br>Defendants. | **CIVIL ACTION NO. CV-07-0743-CG-B** |

## DEFENDANTS' POST-JUDGMENT MOTION

**COME NOW** Cello Energy, LLC ("Cello"), Boykin Trust, LLC, Jack W. Boykin, and Allen W. Boykin (collectively "Boykin Defendants") and hereby renew their previously-filed post-trial motions as follows:

1. On July 13, 2009, the Boykin Defendants including Cello[1] filed several motions and briefs, including:

---

[1] Cello filed yesterday a Suggestion of Bankruptcy (Doc. 616) based upon its filing on Tuesday, October 19, 2010 of a Chapter 11 bankruptcy in the United States Bankruptcy Court for the Southern District of Alabama. The precise effect

    (a)    Motion for Judgment as a Matter of Law (Renewed) (Doc. 567) and brief in support thereof (568).

    (b)    Motion for Findings of Fact and Conclusions of Law (Doc. 569).

    (c)    Motion for Reduction of Punitive Damage Award and Incorporated Memorandum of Law (Doc. 570).

    (d)    Motion for New Trial and Supporting Memorandum of Law (Doc. 571).

2. On September 22, 2010, the Court denied the Renewed Motion for Findings of Fact and Conclusions of Law (Doc. 594) and Motion for Reduction of Punitive Damage Award. (Doc. 593).

3. On September 27, 2010, the Court denied the Motion for Judgment as a Matter of Law and Motion for New Trial. (Doc. 597).

4. On September 27, 2010, the Court entered judgment against the Boykin Defendants and in favor of Parsons & Whittemore Enterprises Corporation. (Doc. 598).

5. The Boykin Defendants hereby renew, adopt, and incorporate by reference their previously-filed post-trial motions (Docs. 567-571) in order to

---

of the bankruptcy filing upon the post-judgment filing deadlines of FED.R.CIV.P. 50 and 59 is unsettled, and arguably an extension of such deadlines would accrue to Cello under 11 U.S.C. § 108. Moreover, the undersigned has not yet been approved by the Bankruptcy Court to represent Cello. However, given the imminent potential passage of the time in which to file post-judgment motions, the undersigned files this motion on behalf of the other Boykin Defendants and on behalf of Cello, consistent with his ethical responsibilities under the Alabama Rules of Professional Conduct.

satisfy their obligations under the Federal Rules of Civil Procedure and under the Federal Rules of Appellate Procedure for properly perfecting their arguments for appeal.

6. The Boykin Defendants further assert that the Court's Order on reformation (Doc. 594) is in error, as such contract (the Nondisclosure Agreement) is clearly unconscionable and an unlawful and overbroad restraint of trade as even Plaintiff admits that the contract's duration was never intended to last beyond the parties' negotiation of an option agreement (which later was voided). Moreover, there has not been adequate consideration for a restraint of such duration, and the duration is not reasonable in relation to the mutual intent and purpose of the parties.

7. The Boykin Defendants further assert that the Court's denial of the Motion for Reduction of Punitive Damage Award (Doc. 570) was improper and contrary to the law of Alabama as set forth in ALA.CODE § 6-11-20 *et seq*. It also is contrary to Alabama common law which does not authorize an award of punitive damages for breach of contract in these circumstances.

8. The Boykin Defendants further assert that the Court's failure to reduce punitive damages violates constitutional guarantees of both substantive and procedural Due Process under the Fifth and Fourteenth Amendments to the United States Constitution because (1) the jury was not instructed that it had any legal

authority to impose punitive damages for breach of contract; (2) the jury instructions were so confusing, ambiguous, subjective and not reasonably comprehensible and thus are "void for vagueness" under the Constitution; (3) the Court's imposition of punitive damages is inconsistent with the verdict form and the applicable state standards for same; and (4) the punitive damage award exceeds the minimum amount necessary to punish the defendants, destroying the business in violation of due process standards for fair punishment.

9. The Court's imposition of punitive damages violates procedural Due Process under the U.S. Constitution, Fourteenth Amendment, inasmuch as it was based at least in part upon scientific evidence which the Court allowed at the last minute (and outside the Court's scheduling order) without also giving the Boykin Defendants a fair and reasonable opportunity to test their evidence or to develop and prepare opposing expert evidence which undisputedly disproved Plaintiff's tests -- as demonstrated in the Boykin Defendants' aforementioned post-trial motions which offered test results from the world's leading scientific facility.

10. The Boykin Defendants further assert that the Court's imposition of punitive damages for breach of contract violates the prohibition against laws that impair the obligations of contracts in violation of the Contract Clause, Article I § 10, cl. 1, of the United States Constitution (and Article I, § 22, of the Alabama Constitution).

11. This post-judgment motion is made subject to and without waiver of any and all arguments contained in the trial and post-trial motions of the Boykin Defendants, and any other objections and issues which they have preserved for appeal.

**WHEREFORE**, these premises considered, Cello Energy, LLC, Boykin Trust, LLC, Jack W. Boykin, and Allen W. Boykin pray that this Court will grant this post-judgment motion by entering judgment in their favor as a matter of law, by granting to them a new trial, by vacating and/or reducing the punitive damages award entered against them, by granting to them such other relief as was sought in the motions and briefs reflected in Docs. 567-571, and by granting such other, further or different relief to which they may be entitled.

Respectfully submitted,

*s/ Forrest S. Latta*
FORREST S. LATTA (LATTF0526)
Forrest.Latta@burr.com
MICHAEL D. STRASAVICH (STRAM9557)
Mike.Strasavich@burr.com
HOWARD P. WALTHALL (WALTH1113)
HPWaltha@Burr.com
Attorneys for Defendants
CELLO ENERGY, LLC; BOYKIN TRUST, LLC; JACK W. BOYKIN AND ALLEN W. BOYKIN

1865403 v1

5

OF COUNSEL:

BURR & FORMAN LLP
P.O. Box 2287
Mobile, Alabama 36652
Telephone: (251) 344-5151
Facsimile: (251) 344-9696

## CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2010, I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email:

    David William Bowker (david.bowker@wilmerhale.com)
    David Boyd (dboyd@balch.com)
    David Michael Burkoff (david.burkoff@wilmerhale.com)
    Louis M. Calligas (lcalligas@balch.com)
    John Eric Getty (egetty@balch.com)
    Richard A. Johnston (richard.johnston@wilmerhale.com)
    John N. Leach, Jr. (jnl@helmsinglaw.com)
    W. Joseph McCorkle, Jr. (jmccorkl@balch.com)
    P. Russel Myles (rmyles@mcdowellknight.com)
    William C. Roedder, Jr. (broedder@mcdowellknight.com)
    Anne Laurie Smith (asmith@mcdowellknight.com)

                                          *s/ Michael D. Strasavich*
                                          OF COUNSEL